200    APPELLATE COURTS OF ILLINOIS.

Toberman v. Toledo, St. L. & W. R. R. Co., 159 Ill. App. 200.

## I. Toberman et al., Appellees, v. Toledo, St. Louis & Western Railroad Company, Appellant.

1. COMMON CARRIERS—*burden to establish assent to restrictions upon liability.* The burden of proof is upon the carrier to show that the shipper assented to the restrictive provisions contained in the contract of shipment.

2. MEASURE OF DAMAGES—*when cannot be questioned on appeal.* If the measure of damages applied by the trial court was acquiesced in, in such court, by the complaining party, its correctness cannot be questioned on review.

Action commenced before justice of the peace. Appeal from the Circuit Court of Montgomery county; the Hon. A. M. ROSE, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed December 7, 1910.

J. M. BAKER and C. E. POPE, for appellant; CHARLES A. SCHMETTAU, of counsel.

HILL & BULLINGTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by the plaintiffs to recover from the defendant the value of a carload of baled hay claimed to have been delivered to the defendant for shipment from Chapman, Illinois, to Jacksonville, Florida, which shipment never reached its destination and was not accounted for to the plaintiffs. This suit was originally instituted before a justice of the peace, where the plaintiffs obtained a judgment for $186. Upon appeal by the defendant the case was tried by a jury in the Circuit Court of Montgomery county where the plaintiffs recovered a verdict and judgment for $200.

Many of the errors assigned and argued by the defendant do not affect the merits of the controversy and need not be considered and discussed.

It is not controverted that on May 17, 1907, the plaintiffs delivered to the defendant at Chapman, Illi-

THIRD DISTRICT—DECEMBER, 1910.    201

Toberman v. Toledo, St. L. & W. R. R. Co., 159 Ill. App. 200.

nois, for shipment to Jacksonville, Florida, 21,970 pounds of No. 1 timothy hay in bales, which hay was loaded in car No. 15,998 marked "L. & N. Ry. Co.," and that said car was never delivered to the consignee at Jacksonville and the shipments were wholly lost to the plaintiffs. Upon the delivery of the hay to the defendant it issued to the plaintiffs its bill of lading therefor wherein Jacksonville, Florida, was named as the destination of the shipment, and the connecting carriers were designated as "I. C., N. C. & St. L., S. A. L.," meaning Illinois Central; Nashville, Chattanooga & St. Louis and Seaboard Air Line Railroads.

It is urged that the court improperly permitted the witness Marion Toberman to testify to the market value of the hay at Jacksonville because the only knowledge that the witness was shown to have of such market value was derived from correspondence with his broker. The testimony was incompetent and should have been excluded but its admission was harmless error because the witnesses Stringfellow and Saussy called on behalf of the plaintiffs testified to the like market value of the hay at Jacksonville from personal knowledge and there is no countervailing evidence in the record.

The insistence by the defendant that the market value of the hay at Jacksonville was immaterial was not urged in the court below and cannot be availed of for the first time in this court as a ground for reversal of the judgment.

In Wabash R. R. Co. v. Thomas, 222 Ill. 337, it was held that when a carrier receives freight to be transported marked to a particular place, he is *prima facie* bound to carry to and deliver at that place, and that by accepting freight so marked he impliedly agrees so to do and ought to be answerable for the loss. It was there further held that where a contract limiting the liability of a carrier is contained in a bill of lading constituting both a receipt and a contract, which contract was signed by the shipper, the burden is on the

carrier to show that the shipper assented to the terms and conditions of the contract. In the case at bar the contract of shipment was not signed by the plaintiffs, but the restrictive provisions therein contained appeared upon the partly written and partly printed bill of lading which was delivered by the defendant to the plaintiffs. The rule announced in Wabash R. R. Co. v. Thomas, *supra,* imposing the burden of proof upon the carrier to show that the shipper assented to the terms of the contract is supported by even better reason as applied to the case at bar, where the contract was not signed by the shipper.

The only objection we perceive to the instructions given at the instance of the plaintiffs is that they were abstract in form, but under the evidence in the record they could not have misled the jury prejudicially to the defendant. The instructions tendered by the defendant erroneously assume the assent of the plaintiffs to the restrictive provisions contained in the bill of lading and were properly refused.

Upon the theory, acquiesced in by defendant in the court below, as to the measure of damages applicable in the case the damages awarded by the jury are not excessive.

There is no error in the record prejudicial to defendant and the judgment of the Circuit Court will be affirmed.

*Affirmed.*